IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| GuyCo Footwear, Inc. | ) | Case No. 14-45706 |
| Debtor | ) . | |
| | ) | Judge: A. Benjamin Goldgar |
| | ) | |

**NOTICE OF MOTION**

     PLEASE TAKE NOTICE that on Monday, March 28, 2016, at the hour of 10:00 a.m., I shall appear before the Honorable Judge A. Benjamin Goldgar, or any judge sitting in his stead, in Courtroom 642 of the United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois and then and there present the REORGANIZED DEBTOR'S MOTION FOR FINAL DECREE CLOSING CASE**,** which is attached.

                                             Respectfully submitted,

                                             /s/Jonathan D. Golding
                                             Jonathan D. Golding
                                             Attorney for the Reorganized Debtor

Jonathan D. Golding, Esq. (ARDC# 6299876)
THE GOLDING LAW OFFICES, PC
500 N. Dearborn Street, 2nd Floor
Chicago, IL 60654
Tel: (312) 832-7892
Fax: (312) 755-5720
Email: jgolding@goldinglaw.net

STATE OF ILLINOIS    )
                                  )
COUNTY OF COOK      )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused a copy of the REORGANIZED DEBTOR'S MOTION FOR FINAL DECREE CLOSING CASE with attached proposed order to be filed with the Clerk of the U. S. Bankruptcy Court, Northern District of Illinois, using the CM/ECF filing system on this 8th day of March, 2016, by electronic notification via the ECF system to the United States Trustee and to registered parties and by mailing postage pre-paid with the U. S. Post Office at 500 N. Dearborn Street, Chicago, IL 60654 to parties on the following notice list:

Allied Waste
13701 S Kostner
Crestwood, IL 60445

AT&T
Attn: Bankruptcy Dept.
5407 Andrews Highway
Midland, TX 79706

ComEd
Bankruptcy Dept.
P.O. Box 87522
Chicago, IL 60680

Fora Fin. Advance, LLC
Attn: Doug Greenberg
242 W. 36th St., 14th Flr.
New York, NY 10018

FUNB 2000-C2 Torrence Retail, LLC
c/o Edgemark Asset Mgmt (A. Patras)
2215 York Rd., Ste. 503
Oak Brook, IL 60523

FUNB 2000-C2 Torrence Retail, LLC
c/o LNR Partners LLC: RE Asset Mgmt
1601 Washington Av.#700
Miami Beach, FL 33139

IDOR
Bkcy. Section Level 7-425
100 W. Randolph
Chicago, IL 60601

Internal Revenue Service
District Director
230 S. Dearborn Street
Chicago, IL 60651

Internal Revenue Service
District Counsel
200 W Adams St., # 2300
Chicago, IL 60606

Jack Parrino
Thompson Coburn LLP
55 E Monroe St., 37th Flr.
Chicago, IL 60603

Nicor
P.O. Box 2020
Aurora, IL 60507-2020

Shoe Magnate, Inc.
18560 E. San Jose Ave.
City of Industry, CA 91748

Springland Intl.Inc.
17440 Railroad St.
City of Industry, CA 91748

TwinTiger Foorwear, Inc.
18889 Railroad St.
City of Industry, CA 91748

Tyco Integrated Security
10405 Crosspoint Blvd.
Indianapolis, IN 46256

/s/Jonathan D. Golding

2

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| GuyCo Footwear, Inc. | ) | Case No. 14-45706 |
| Debtor | ) . | |
| | ) | Judge: A. Benjamin Goldgar |
| | ) | |

**REORGANIZED DEBTOR'S MOTION FOR ENTRY OF A**
**FINAL DECREE CLOSING CASE**

Reorganized debtor GuyCo Footwear, Inc., (the "*Reorganized Debtor*"), by and through its undersigned counsel, hereby moves this Court (this "*Motion*") for entry of a final decree, substantially the form attached hereto (the "*Proposed Final Decree*"). In support of this Motion, the Reorganized Debtor respectfully states as follows:

JURISDICTION

*1.*   The Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

*2.*   Venue in this Court is proper under 28 U.S.C. § 1408.

*3.*   The statutory bases for the relief requested herein are section 350 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the *"Bankruptcy Code"),* Rule 3022 of the Federal Rules of Bankruptcy Procedure (the *"Bankruptcy Rules"),* and Rule 3022-1 of the Local Bankruptcy Rules of this Court (the *"Local Rules").*

BACKGROUND

The Chapter 11 Case and Confirmation of the Plan

*4.*   On December 24, 2014 (the *"Petition Date"),* the Reorganized Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections

3

1107(a) and 1108 of the Bankruptcy Code, the Reorganized Debtor continued in the management and possession of its business as debtor in possession throughout this chapter 11 case. No trustee or examiner has been appointed in this chapter 11 case. No committee has been appointed or designated.

5. On December 30, 2015, the Court entered an order [Docket No. 79] (the *"Confirmation Order"*) that, among other things, confirmed *GuyCo Footwear Inc.'s Modified 2nd Amended Plan of Reorganization* [Docket No. 65] (the *"Plan").*[1] In accordance with the terms of the Plan, the Plan became effective on January 29, 2016 (the *"Effective Date").*

Status of the Chapter 11 Case

6. Since the Effective Date, the Reorganized Debtor has worked diligently to implement the Plan and conclude this chapter 11 case. The following provides the status of the chapter 11 case and distributions under the Plan.

7. *Implementation of the Plan.* On the Effective Date, among other things, all property of the chapter 11 estate vested in the Reorganized Debtor. The Reorganized Debtor has emerged from chapter 11 protection and has continue to operate its business and manage its property in the ordinary course.

8. *Administrative Claims, Priority Tax Claims, and U.S. Trustee Statutory Fees.* The Reorganized Debtor has paid, and continues to pay, all Administrative Claims and the U.S. Trustee's fees as and when those amounts come due. The Reorganized Debtor has commenced making the monthly payments on the Priority Tax Claims pursuant to the terms of Article 4.03 of the Plan.

---

[1] Capitalized terms used as defined terms herein and not otherwise defined shall have the meanings ascribed to them in the Plan.

9. *Cure Claims.* The Reorganized Debtor has no cure claim obligations.

10. *Class 1 Insider Priority Wage Claim.* The Reorganized Debtor has made payment to this creditor pursuant to the Article 5.01 of Plan.

11. *Class 2 General Unsecured Claims.* The Reorganized Debtor has commenced monthly payments to General Unsecured Creditors pursuant to Article 5.01 of the Plan and shall make future monthly payments as required under the Plan.

12. *Class 3 Equity Claims.* Pursuant to the Plan, Class 3 Equity Interests are not entitled to a distribution. No New Value Contribution is required under the Plan.

## RELIEF REQUESTED

13. By this Motion, the Reorganized Debtor respectfully requests that this Court issue a final decree substantially in the form of the Proposed Final Decree closing this chapter 11 case pursuant to section 350 of the Bankruptcy Code and Bankruptcy Rule 3022.

## BASIS FOR RELIEF

### Standard for Closing a Chapter 11 Case

14. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 V.S.C. § 350(a). Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Bankruptcy Rule 3022.

15. The term "fully administered" is not defined by either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Notes to Bankruptcy Ru1e3022,however, set forth the following non-exclusive list of factors to be considered to determine whether a case has been

fully administered: (a) whether the order confirming the plan has become final; (b) whether deposits required by the plan have been transferred; (c) whether the property proposed by the plan to be transferred has been transferred; (d) whether the debtor [or its successor] has assumed the business or management of the property dealt with by the plan; (e) whether payments under the plan have commenced; and (f) whether all motions, contested matters and adversary proceedings have been finally resolved.

16. These six factors, however, are merely guidelines that aid a court's determination, and each of the factors need not be present before a court enters a final decree. *See In re Mold Makers, Inc.,* 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990). In particular, courts have held that open related adversary proceedings, for example, should not be enough to prevent closure of a bankruptcy case. *See, e.g., In re IMP-Newcor Inter 'I, Inc.,* 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (Barliant, J.) (where the only matters remaining are certain disbursements and an adversary proceeding, case can be closed); *In re McClelland,* 377 B.R. 446, 453 (Bankr. S.D.N.Y. 2007) (if an estate is otherwise fully administered, one adversary proceeding should not delay closing case); *In re Union Home & Indus., Inc.,* 375 B.R. 912, 918 (10th Cir. BAP 2007) (same). Courts have also found that it is not necessary to complete a final distribution under a plan of reorganization to close a case. *See, e.g., JMP-Newcor Inter 'I,* 225 B.R. at 465; *Jay Bee Enters.,* 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997).

<u>It Is Appropriate to Close the Chapter 11 Case</u>.

17. The Reorganized Debtor's estate has been fully administered within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing the chapter 11 case. The confirmation order became final and non-appealable on or about January 29, 2016. Moreover, the Plan has been substantially consummated: (a) the

6

Reorganized Debtor has received the property to which it is entitled under the Plan; (b) the Reorganized Debtor has assumed the business and management of that property; and (c) the Reorganized Debtor has made the other distributions due and payable under the Plan.

18. Leaving the chapter 11 case open will cause the Reorganized Debtor to incur substantial quarterly U.S. Trustee fees. *See* 28 U.S.C. § 1930. If the chapter 11 case is not closed, the Reorganized Debtor will be required to continue paying quarterly fees to keep the case open. These quarterly fees are a significant burden upon the Reorganized Debtor and (given the status of the chapter 11 case) are an inefficient use of resources. Accordingly, there is ample justification for entry of a final decree closing the chapter 11 case at this time.

WHEREFORE, the Reorganized Debtor respectfully requests that this Court enter a final decree substantially in the form of the Proposed Final Decree (a) closing this chapter 11 case and (b) granting such other and further relief as this Court deems appropriate.

Respectfully submitted,

By: /s/ Jonathan D. Golding

Jonathan D. Golding

Attorney for GuyCo Footwear, Inc.
Jonathan D. Golding, Esq. (ARDC# 6299876)
THE GOLDING LAW OFFICES, PC
500 N. Dearborn Street, 2nd Floor
Chicago, IL 60654
Tel: (312) 832-7892
Fax: (312) 755-5720
Email: jgolding@goldinglaw.net